**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**FEDERAL TRADE COMMISSION and OFFICE OF THE ATTORNEY GENERAL, STATE OF FLORIDA, DEPARTMENT OF LEGAL AFFAIRS**

**Plaintiff,**

**v.**

**E.M. SYSTEMS & SERVICES, LLC a Florida Limited Liability Company; ADMINISTRATIVE MANAGEMENT & DESIGN, LLC a Florida Limited Liability Company; KLS INDUSTRIES, LLC d/b/a SATISFIED SERVICES SOLUTIONS, LLC, a Florida Limited Liability Company; EMPIRICAL DATA GROUP TECHNOLOGIES, LLC, a Florida Limited Liability Company; EPIPHANY MANAGEMENT SYSTEMS, LLC, a Florida Limited Liability Company; STEVEN D. SHORT, an individual; KARISSA L. DYAR, an individual; ONE EASY SOLUTION, LLC, a Florida Limited Liability Company; and CHRISTOPHER C. MILES, an individual,**

**Defendants.**

**Case No. 8:15-cv-1417-T-23EAJ**

**DEFENDANTS, E.M. SYSTEMS & SERVICES, LLC; ADMINISTRATIVE MANAGEMENT & DESIGN, LLC; KLS INDUSTRIES, LLC D/B/A SATISFIED SERVICES SOLUTIONS, LLC; EPIPHANY MANAGEMENT SYSTEMS, LLC; STEVEN D. SHORT; AND KARISSA L. DYAR'S ANSWER TO THE COMPLAINT FOR PERMANENT INJUNCTION AND OTHER RELIEF (DOC. 1) AND DEMAND FOR JURY TRIAL**

**COMES NOW**, Defendants[1], E.M. SYSTEMS & SERVICES, LLC; ADMINISTRATIVE MANAGEMENT & DESIGN, LLC; KLS INDUSTRIES, LLC d/b/a

[1] Defendant EMPIRICAL DATA GROUP TECHNOLOGIES, LLC responds to the Complaint for Permanent Injunction and Other Relief by separate filing.

SATISFIED SERVICES SOLUTIONS, LLC; EPIPHANY MANAGEMENT SYSTEMS, LLC; STEVEN D. SHORT; and KARISSA L. DYAR (collectively "Answering Defendants"), and hereby answer the Complaint for Permanent Injunction and Other Relief (Doc. 1) as follows:

Summary of the Case

1. Without knowledge as to how the alleged "Debt Relief Scam" functions and therefore denied. Denied that any of the Answering Defendants were engaged in the alleged "Debt Relief Scam." All remaining allegations are denied.

2. Denied that any of the Answering Defendants were engaged in the alleged "Debt Relief Scam." Without knowledge as to the longevity or recency of the alleged "Debt Relief Scam" and therefore denied. Denied that Mr. Short or Mrs. Dyar engaged in any alleged wrongful activity related to FTC v. Pro Credit Group, Case No. 8:12-CV-00586-T-35EAJ (M.D. Fla.). All remaining allegations are denied.

3. Without knowledge as to the amount of money that can be earned through fraudulent activities and therefore denied. All remaining allegations are denied.

4. Without knowledge and therefore denied.

5. Without knowledge and therefore denied.

Statutory Authority

6. Without knowledge and therefore denied.

7. Without knowledge and therefore denied.

Jurisdiction and Venue

8. Admitted for jurisdictional purposes only.

9. Admitted for jurisdictional purposes only.

10. Denied.

11. Admitted for venue purposes only. Otherwise denied.

Plaintiffs

12. Without knowledge and therefore denied. The referenced statute speaks for itself.

13. Without knowledge and therefore denied. The referenced statute speaks for itself.

14. Without knowledge and therefore denied. The referenced statutes speak for themselves.

15. Without knowledge and therefore denied. The referenced statute speaks for itself.

16. Without knowledge and therefore denied. The referenced statute speaks for itself.

17. Without knowledge and therefore denied. The referenced statutes speak for themselves.

Defendants

18. Denied that any of the Answering Defendants were at the center of the alleged "Debt Relief Scam." Denied that any of the Answering Defendants is the owner of or has any control of the One Easy Defendants. Denied that any of the Answering Defendants hired or employed any of the One Easy Defendants to perform telemarketing services. All remaining allegations are denied.

19. Admitted that E.M. Systems was a Florida limited liability company. Admitted that E.M. Systems maintained a mailbox at 6822 22nd Avenue North, St. Petersburg, Florida for some period of time. Denied that E.M. Systems is still engaged in business as it has been inactive since approximately the end of 2014. All remaining allegations are denied.

20. Admitted that AM&D was a Florida limited liability company. Admitted that AM&D maintained a mailbox at 6822 22nd Avenue North, St. Petersburg, Florida for some period

of time. Denied that AM&D is still engaged in business as it has been inactive since approximately the end of 2014. All remaining allegations are denied.

21. Admitted that KLS is a Florida limited liability company. Admitted that KLS maintained a mailbox at 873 West Bay Drive, Largo, Florida for some period of time. Admitted that KLS has an office at 9365 U.S. Highway 19, Suite A, Pinellas Park, Florida and that KLS is currently engaged in business. All remaining allegations are denied.

22. Admitted that EDG Tech is a Florida limited liability company. Admitted that EDG Tech maintained place of business at 7441 114th Avenue, Suite 601, Largo, Florida for some period of time. Denied that EDG Tech is still engaged in business as it has been inactive since approximately the beginning of 2015. All remaining allegations are denied.

23. Admitted that Epiphany was a Florida limited liability company. Admitted that Epiphany maintained a place of business at 10486 Valencia Road, Seminole, Florida for some period of time. Denied that Epiphany still engaged in business as it has been inactive since approximately March, 2015. All remaining allegations are denied.

24. Admitted that Mr. Short is the owner and manager of E.M. Systems, AM&D, EDG Tech, and Epiphany and that he had the authority to control these entities. Denied that either Mr. Short or any of these entities engaged in any of the wrongful acts alleged in the Complaint. Admitted that Mr. Short resides in Pinellas County, Florida. All remaining allegations are denied.

25. Admitted that Mrs. Dyar is the owner and manager of KLS and that she had the authority to control this entity. Denied that either Mrs. Dyar or KLS engaged in any of the wrongful acts alleged in the Complaint. Admitted that Mrs. Dyar resides in Pinellas County, Florida. All remaining allegations are denied.

The One Easy Defendants

26. Without knowledge and therefore denied.

27. Without knowledge and therefore denied.

Common Enterprise

28. Admitted that Mr. Short is or was a member of E.M. Systems, AM&D, EDG Tech, and Epiphany and that the entities have common ownership but denied that any of them have engaged in any wrongful conduct. Admit that Mrs. Dyar is a member of KLS. Denied that E.M. Systems, AM&D, EDG Tech, KLS, and Epiphany are a common enterprise. All remaining allegations are denied.

29. Admitted that Mr. Short and Mrs. Dyar are married. All remaining allegations are denied.

Commerce

30. Denied.

Defendants' Business Activities

31. Denied.

32. Denied.

33. Denied.

The Sales Pitch

34. Denied.

35. Denied that Answering Defendants made any unsolicited telephone calls or that they hired any telemarketer to do so. Answering Defendants are without knowledge of One Easy Defendants' telemarketing practices and therefore deny such allegations.

36. Denied as to Answering Defendants. Answering Defendants are without knowledge of One Easy Defendants' telemarketing practices and therefore deny such allegations.

37. Denied as to Answering Defendants. Answering Defendants are without knowledge of One Easy Defendants' telemarketing practices and therefore deny such allegations.

The Advance Fee and Money-Back Guarantee

38. Denied as to Answering Defendants. Answering Defendants are without knowledge of One Easy Defendants' pricing of any services it sells.

39. Denied as to Answering Defendants. Answering Defendants are without knowledge of One Easy Defendants' telemarketing practices and therefore deny such allegations.

40. Denied as to Answering Defendants. Answering Defendants are without knowledge of One Easy Defendants' telemarketing practices and therefore deny such allegations.

Consumers do not receive what they are promised

41. Denied as to Answering Defendants. Answering Defendants are without knowledge of One Easy Defendants' telemarketing practices and therefore deny such allegations.

42. Admitted that KLS INDUSTRIES, LLC sends E.M. Systems' customers a packet of information after they sign up for E.M. Systems' budgeting service which contains information and forms for the customer to fill-out and return. Denied that Answering Defendants ever promised to negotiate with any credit card company on a customer's behalf. Answering Defendants are without knowledge of One Easy Defendants' telemarketing practices and therefore deny such allegations. All remaining allegations not expressly admitted are hereby denied.

43. Admitted that Answering Defendants provided financial literacy materials, along with other information, to customers. All remaining allegations not expressly admitted are hereby denied.

44. Denied that Answering Defendants ever promised to negotiate or provide interest rate reductions to their customers. All remaining allegations are denied.

45. Denied. Answering Defendants are without knowledge of One Easy Defendants' practices and therefore deny such allegations.

46. Denied. Answering Defendants are without knowledge of the One Easy Defendants' telemarketing practices and therefore deny such allegations.

47. Denied. Answering Defendants are without knowledge of One Easy's telemarketing practices and therefore deny such allegations.

Violations of the FTC Act

48. The referenced statute speaks for itself.

49. The referenced statute speaks for itself.

**Count I**
**Deceptive Marketing in Violation of the FTC Act**

50. Denied.

a. Denied.

b. Denied.

c. Denied.

d. Denied.

51. Denied.

a. Denied.

b. Denied.

c. Denied.

d. Denied.

52. Denied.

**<u>Violations of the TSR</u>**

53. The referenced statutes and regulations speak for themselves.

54. The referenced statutes and regulations speak for themselves.

55. Denied.

56. Denied.

57. The referenced regulations speak for themselves.

58. The referenced regulations speak for themselves.

59. The referenced regulations speak for themselves.

    a. The referenced regulations speak for themselves.

    b. The referenced regulations speak for themselves.

    c. The referenced regulations speak for themselves.

**<u>COUNT II</u>**
**<u>DECEPTIVE REPRESENTATIONS ABOUT DEBT RELIEF SERVICES IN VIOLATION OF THE TSR</u>**

60. Denied.

    a. Denied

    b. Denied.

    c. Denied.

61. Denied.

**<u>COUNT III</u>**
**<u>DECEPTIVE REPRESENTATIONS ABOUT REFUNDS IN VIOLATION OF THE TSR</u>**

62. Denied

63. Denied

## COUNT IV
## ADVANCE FEES FOR DEBT RELIEF SERVICES IN VIOLATION OF THE TSR

64. Denied.

65. Denied.

## VIOLATIONS OF FDUTPA

66. The referenced statute speaks for itself.

67. The referenced statute speaks for itself.

## COUNT V
## DECEPTIVE REPRESENTATIONS IN VIOLATION OF FDUTPA

68. Denied.

    a. Denied.

    b. Denied.

    c. Denied.

    d. Denied.

69. Denied.

    a. Denied.

    b. Denied.

    c. Denied.

    d. Denied.

70. Denied.

## CONSUMER INJURY

71. Denied.

72. The referenced statute speaks for itself.

73. The reference statutes speak for themselves.

## PRAYER FOR RELIEF

74. Denied that Plaintiffs are entitled to any of the requested relief against the Answering Defendants.

a. Denied that Plaintiffs are entitled to any of the requested relief against the Answering Defendants.

b. Denied that Plaintiffs are entitled to any of the requested relief against the Answering Defendants.

c. Denied that Plaintiffs are entitled to any of the requested relief against the Answering Defendants.

d. Denied that Plaintiffs are entitled to any of the requested relief against the Answering Defendants.

75. All remaining allegations not expressly admitted are hereby denied.

**WHEREFORE**, Answering Defendants respectfully request:

A. Plaintiffs take nothing in judgment;

B. Judgment in Answering Defendants' favor denying Plaintiffs' prayer for preliminary injunction and ancillary relief, including, but not limited to: preliminary injunctions, an order freezing assets, immediate access, and the appointment of a receiver;

C. Judgment in Answering Defendants' favor denying Plaintiffs' prayer for permanent injunction to prevent future violations of the FTC Act, TSR, and FDUTPA;

D. Judgment in Answering Defendants' favor denying Plaintiffs' prayer for including but not limited to: rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies;

E. Award Answering Defendants' attorneys' fees and costs in defense of this action pursuant to the Equal Justice Act, 5 U.S.C. § 504; and

F. Any other relief deemed equitable and just.

**FIRST AFFIRMATIVE DEFENSE: NO LEGAL AUTHORITY**

1. While Answering Defendants admit Plaintiffs purport to bring this action under Section 13(b) and 19 of the Federal Trade Commission Act ("FTC Act") and seek preliminary and permanent injunctive relief, rescission or reformation of contracts, restitution, the refund of monies paid, disgorgement of ill-gotten monies, and other equitable relief for Answering Defendants' alleged acts or practices in violation of Section 5(a) of the FTC Act, and the Telemarketing Sales Rule, Answering Defendants deny that this action is a "proper case" within the meaning of Section 13(b) and further deny any violations of Section 5(a). Furthermore, Answering Defendants deny that they are in receipt of any "ill-gotten monies."

**SECOND AFFIRMATIVE DEFENSE: NO CONSUMER INJURY/ FACTUAL IMPOSSIBILITY**

2. Answering Defendants did not sell any alleged interest rate reduction services at all or to consumers. As such, Answering Defendants did not proximately cause consumer injury.

**THIRD AFFIRMATIVE DEFENSE: NO PROCEDURAL OR SUBSTANTIVE DECEPTIVENESS**

3. Plaintiffs fail to state a cause of action pursuant to Section 5(a) of the FTC Act, 15 U.S.C. Section 45 for deceptive or unfair conduct, *to wit*: Plaintiffs have not identified nor pleaded either procedural or substantive deceptiveness or unfairness. Procedural unfairness involves conduct during the bargaining process, such as oppression or surprise resulting from a lack of bargaining power. Substantive unfairness involves unreasonable or unfairly harsh or one sided contract terms.

4. Furthermore, the acts for which the Plaintiffs are seeking relief are not unfair and deceptive and been inappropriately deemed such by the Plaintiffs.

**FOURTH AFFIRMATIVE DEFENSE: ELECTION OF REMEDIES NOT AVAILABLE**

5. To the extent applicable, Section 5 of the FTC Act does not specifically sanction restitution or divestiture.

**FIFTH AFFIRMATIVE DEFENSE: FACTS v. CONCLUSIONS**

6. Plaintiffs plead conclusory allegations against the defendants as a whole, without identifying which specific Defendant did what acts or acted in conformity with the allegations. The conclusions are wholly lacking factually and contain unwarranted deductions or legal conclusions masquerading as facts.

**SIXTH AFFIRMATIVE DEFENSE: OPINION**

7. Answering Defendants were not engaged in any telemarketing activities. Any alleged statements of telemarketers as to how much might be saved by reducing interest rates of credit cards and other debts were mere opinions of the telemarketer and should not be imputed to the Answering Defendants as they were not telemarketers in the alleged "Debt Relief Scam," nor did they support or direct said activities.

**SEVENTH AFFIRMATIVE DEFENSE: INFORMATION DISCLOSED**

8. The telemarketers offering budgeting and financial literacy services disclosed sufficient facts and information regarding these services to potential consumers through a verification process.

**EIGHTH AFFIRMATIVE DEFENSE: FAILURE TO USE DUE CARE**

9. A consumer's failure to fully listen or understand the verification process conducted by the telemarketers cannot be held against the Answering Defendants.

10. The verification asks if consumers agree to the verification and the sale can only move forward after consumers agree.

**NINTH AFFIRMATIVE DEFENSE: LINKING**

11. Plaintiffs fail to link specific omission or misrepresentations with specific statements of the specific defendants.

**TENTH AFFIRMATIVE DEFENSE: LOSS CAUSATION/MULTIPLE DEFENDANTS**

12. Plaintiffs have the burden of proving each of the Answering Defendants acted in concert and were so comingled as to be considered one entity.

13. Plaintiffs make conclusory allegations regarding Answering Defendants being comingled with the One Easy Defendants without any reasonable factual basis.

14. Furthermore, Plaintiffs have the burden of proving the "act or omission" of the each specific defendant alleged to violate the FTC Act or TSR caused the injury so alleged for which Plaintiffs seek a remedy.

**ELEVENTH AFFIRMATIVE DEFENSE: PUFFERY**

15. Any alleged "misstatements" were vague and lacking in specificity as to clearly constitute the opinions of the speaker that no reasonable consumer could find them material or important especially when followed with the verification process. As such, any such statement such as this were mere "puffery" and therefore not actionable.

**TWELFTH AFFIRMATIVE DEFENSE: FRAUD BY HINDSIGHT**

16. Proximity between positive or alleged promises purporting that consumers would be able to pay off their debt sooner by following the budgeting guidelines provided by E.M. Systems, the ability for consumer to follow through with the directions and budget provided, followed by poor economic conditions, general lack in disposable income for consumers, and lack of knowledge by consumers, does not create an inference that any earlier statements were misrepresentations.

**THIRTEENTH AFFIRMATIVE DEFENSE: FORWARD LOOKING STATEMENTS**

17. Any purported statement regarding budgeting education services was accompanied by cautionary statements, including, but not limited to, the consumer had to follow through with the budgeting plan and was responsible for his or her own financial picture as E.M. Systems was only providing the tools necessary to assist consumers in paying off their credit cards and other debts but could not "force" the consumer to use and follow the tools provided.

**FOURTEENTH AFFIRMATIVE DEFENSE: MATERIALITY**

18. The purported misrepresentations or omissions were not so important as reasonable consumers could not differ.

19. In addition, E.M. Systems had a verification process that each consumer went through so that each consumer was aware of the material terms of the agreement relating to the provision of budgeting education materials, and expressly agreed to the terms.

20. Furthermore, each consumer was contacted by customer service and confirmation made as to the authorization to charge their credit card.

**FIFTEENTH AFFIRMATIVE DEFENSE: COMPLAINTS UNRELATED TO ANSWERING DEFENDANTS**

21. The consumer complaints were directed toward persons involved in the alleged "Debt Relief Scam" which the Answering Defendants were not a part of.

22. Each of the persons who filed complaints relating to the "Debt Relief Scam" may have had special motive to exaggerate or make up their claims. Each person is attempting to obtain a refund as they have failed to use the materials appropriately. In addition, each person that has filed a complaint regarding telemarketing practices are frustrated that they owe an outstanding debt and are inappropriately seeking to discharge the debt through their respective complaints. Therefore each consumer has reason to exaggerate or make up their claim so as to help their cause in receiving a refund, chargeback, or discharge.

**SIXTEENTH AFFIRMATIVE DEFENSE: OPTIMISTIC STATEMENTS**

23. Vague statements of corporate optimism are not actionable.

24. Any purported statements of telemarketers regarding the consumers being able to payoff outstanding credit card and other debt within a specific time were vague and subject to other qualifiers such as: the consumer following the budgeting materials and the economic market.

**SEVENTEENTH AFFIRMATIVE DEFENSE: CONSUMER KNOWLEDGE**

25. Each consumer of E.M. Systems went through the verification process which enforced that the service being provided was that of a budget plan.

26. Therefore, consumers and Plaintiffs cannot claim consumers were ignorant of the facts of the actual agreement.

**EIGHTEENTH AFFIRMATIVE DEFENSE: LACK OF SCIENTER**

27. Answering Defendants had no scienter to deceive or misrepresent the terms of the budgeting education services to consumers as they had no role in the sales and telemarketing of the alleged "Debt Relief Scam" alleged in the Complaint.

28. Likewise, Answering Defendants had no knowledge as to whether any telemarketer deceived or misrepresented the products or services they provided for or on behalf of any entity.

29. Opposing inferences lead a reasonable person to conclude that Answering Defendants had no knowledge or control of any telemarketer's conduct or activities relating to any products or services sold other than E.M. System's budgeting education services.

**NINETEENTH AFFIRMATIVE DEFENSE: PLEADING FALSITY WITH PARTICULARITY**

30. Plaintiffs have provided no specific statements regarding what misrepresentations and unfair and deceptive acts were made and/or acted out by Answering Defendants.

**TWENTIETH AFFIRMATIVE DEFENSE: REASONABLE RELIANCE**

31. Consumers could not reasonably rely on the purported misrepresentations as consumers had to listen and agree to the terms of the verification process and expressly agree to the terms outlined therein regarding their budgeting plan.

**TWENTY-FIRST AFFIRMATIVE DEFENSE: RESPONDEAT SUPERIOR**

32. Answering Defendants did not directly contract with, or employ any telemarketers. All telemarketers were hired by resellers who licensed the right to resell E.M. Systems' budgeting educational services to consumers. Based on information and belief, the telemarketers sold products and services in addition to E.M. Systems' budgeting educational services. As such,

Answering Defendants should not be held responsible for the actions of the telemarketers and/or resellers.

**TWENTY-SECOND AFFIRMATIVE DEFENSE: SHOTGUN PLEADINGS**

33. Plaintiffs have incorporated separate corporate Defendants and individual Defendants into one comingled entity with conclusory allegations with no factual basis. In addition, Plaintiffs fail to re-allege any factual basis into its Counts identifying the specific facts that somehow support that particular cause of action[2].

**TWENTY-THIRD AFFIRMATIVE DEFENSE: STATEMENTS NOT ATTRIBUTABLE TO DEFENDANT**

34. Plaintiffs' use of declarations include statements which are not attributable to Answering Defendants as they have no control or authority over the resellers and/or telemarketers. As such, said Declarations should not be used against Answering Defendants.

**RESERVATION OF RIGHTS TO CHALLENGE SUBJECT MATTER JURISDICTION**

Answering Defendants reserve their right to challenge the subject matter jurisdiction of this Honorable Court over this matter and the causes of action alleged therein.

**JURY TRIAL DEMAND**

Answering Defendants demand a trial by jury on the issues so triable.

[2] Although the Complaint for Permanent Injunction & Other Relief recites allegations of violations of the TSR and FDUTPA, it fails to plead according to Rule 10(b) which states in part, "[e]ach claim founded upon a separate transaction or occurrence . . . shall be stated in a separate count . . . whenever separation facilitates the clear presentation of the matter set forth." To that extent, Answering Defendants are left to guess (to a large extent) what factual allegations pertain to each particular Count (or what particular Defendant) as the Complaint does not reference any exhibits nor does any particular Count incorporate any particular fact.

**DEMAND FOR REASONABLE ATTORNEY'S FEES, EXPERT WITNESS FEES AND COSTS.**

Answering Defendants demand reasonable attorney's fees, expert witness fees, and costs associated with these proceedings.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on July 24th, 2015 I electronically filed the foregoing with the Clerk of Court by using CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized or do not receive electronically Notices of Electronic by U.S. Mail and Email at the addresses listed below**.**

**LAW OFFICE OF ROBERT ECKARD & ASSOCIATES, P.A.**

***s/ Robert Eckard*______________________**
**ROBERT D ECKARD, B.C.S.**
**FBN: 0162655**
**LEAD TRIAL COUNSEL**
**JOELLE SCHULTZ, ESQUIRE**
**FBN: 0048204**
**3110 Alternate U.S. 19 North**
**Palm Harbor, FL 34683**
**(727) 772-1941 Telephone**
**(727) 771-7940 Facsimile**
**Robert@RobertEckardLaw.com**
**Joelle@RobertEckardLaw.com**
**Tim@RobertEckardLaw.com**

***Counsel for Short and Dyar Defendants***

**SERVICE LIST**

*FTC v. E.M. Systems & Services, LLC, et al.*
Case Number: 8:15-cv-1417
United States District Court, Middle District of Florida
Tampa Division

Amanda Arnold Sansone, Esq.
Office of the Attorney General
3507 E Frontage Rd Ste 325
Tampa, FL 33607
813/287-7950
Fax: 813/281-5515
Email: amanda.sansone@myfloridalegal.com

Anna M. Burns, Esq.
Federal Trade Commission
Suite 1500
225 Peachtree St NE
Atlanta, GA 30303-1729
404-656-1350
Email: aburns@ftc.gov

Nicholas M. May, Esq.
Federal Trade Commission
Suite 1500
225 Peachtree St NE
Atlanta, GA 30303-1729
404-656-1360
Email: nmay@ftc.gov

Steven Spencer Elg, Esq.
Federal Trade Commission
Suite 1500
225 Peachtree St NE
Atlanta, GA 30303-1729
404/656-1354
Fax: 404/656-1379
Email: selg@ftc.gov

Gianluca Morello, Esq.
Wiand Guerra King, PL
5505 W Gray St
Tampa, FL 33609
813-347-5100
Fax: 813-347-5155
Email: gmorello@wiandlaw.com

*Counsel for Receiver*

Jordan D. Maglich, Esq.
Wiand Guerra King, PL
5505 W Gray St
Tampa, FL 33609
813/347-5100
Fax: 813/347-5198
Email: jmaglich@wiandlaw.com

*Counsel for Receiver*

Mario Ceballos, Esq.
638 Broadway Avenue
Orlando, FL 32803
Phone: (407) 704-8975
Fax: (407) 641-8945
E-Mail: Mceballos@ceballos-law.com

*Counsel for Christopher Miles and One Easy Solution, LLC*