# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**FEDERAL TRADE COMMISSION** and
**OFFICE OF THE ATTORNEY GENERAL,
STATE OF FLORIDA,
DEPARTMENT OF LEGAL AFFAIRS,**

                  Plaintiffs,

v.

                                              Case No.:  8:15-cv-1417-T-23EAJ

**E.M. SYSTEMS & SERVICES, LLC**, a Florida
limited liability company; **ADMINISTRATIVE
MANAGEMENT & DESIGN, LLC**, a Florida
limited liability company; **KLS INDUSTRIES, LLC,
d/b/a SATISFIED SERVICE SOLUTIONS, LLC,**
a Florida limited liability company; **EMPIRICAL
DATA GROUP TECHNOLOGIES, LLC**, a Florida
limited liability company; **EPIPHANY MANAGEMENT
SYSTEMS, LLC**, a Florida limited liability company;
**STEVEN D. SHORT**, an individual; **KARISSA L.
DYAR**, an individual; **ONE EASY SOLUTION LLC**, a
Florida limited liability company; **CHRISTOPHER
C. MILES**, an individual; **JASON E. GAGNON,**
an individual; **KENNETH A. SALLIES**, an individual;
**MATTHEW B. THOMAS**, an individual;
**CARDREADY, LLC**, a California limited liability
company; **BRANDON A. BECKER**, an individual;
**JAMES F. BERLAND**, an individual; and **ANDREW
S. PADNICK**, an individual.

                  Defendants.

---

## STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AS TO CARDREADY, LLC, BRANDON A. BECKER, AND JAMES F. BERLAND

Plaintiffs Federal Trade Commission ("Commission" or "FTC") and Office of the

Attorney General, State of Florida, Department of Legal Affairs ("Florida Attorney General")

filed its *Amended Complaint for Permanent Injunction and Other Equitable Relief* ("Amended

Complaint") against Defendants CardReady, LLC, Brandon A. Becker, and James F. Berland

(the "CardReady Defendants") for a permanent injunction and other equitable relief pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b; the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. §§ 6101-6108 and the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Chapter 501, Part II, Florida Statutes (2015). Plaintiffs and the CardReady Defendants stipulate to the entry of this *Stipulated Order for Permanent Injunction and Monetary Judgment as to CardReady, LLC, Brandon A. Becker, and James F. Berland* ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

## FINDINGS

1.     This Court has jurisdiction over this matter.

2.     The Amended Complaint charges that the CardReady Defendants participated in unfair or deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, the FTC's Trade Regulation Rule entitled Telemarketing Sales Rule ("TSR" or "Rule"), 16 C.F.R. Part 310, and FDUTPA by their involvement in a credit card laundering scheme where they allegedly helped set up merchant accounts linked to shell companies that were used to process sales transactions for other defendants in this matter.

3.     The Amended Complaint also charges that the CardReady Defendants provided substantial assistance or support to Defendants Steven D. Short ("Short") and  E.M. Systems & Services, LLC ("E.M. Systems"), whom the CardReady Defendants allegedly knew, or consciously avoided knowing, were engaged in violations of the TSR, and charges that these acts or practices are deceptive telemarketing acts or practices that violate the TSR, 16 C.F.R. § 310.3(b).

4.      The CardReady Defendants neither admit nor deny any of the allegations in the Amended Complaint, except as specifically stated in this Order.  Only for purposes of this action, the CardReady Defendants admit the facts necessary to establish jurisdiction.

5.      The CardReady Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

6.      The CardReady Defendants and Plaintiffs waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For purposes of this Order, the following definitions shall apply:

A.      **"ACH Debit"** means any completed or attempted debit to a Person's account at a financial institution that is processed electronically through the Automated Clearing House Network.

B.      **"Acquirer"** means a business organization, financial institution, or an agent of a business organization or financial institution that has authority from an organization that operates or licenses a credit card system (*e.g.* Visa, MasterCard, American Express, and Discover) to authorize merchants to accept, transmit, or process payment by credit card through the credit card system for money, goods or services, or anything else of value.

C.      **"CardReady Defendants"** means all of the Individual Defendants and the Corporate Defendants, individually, collectively, or in any combination.

D.      **"Chargeback"** means a procedure whereby an issuing bank or other financial institution charges all or part of an amount of a Person's credit or debit card transaction back to the acquiring or merchant bank.

3

E.     "**Client**" means any Person (a) who obtains, directly or indirectly, from any CardReady Defendant a Merchant Account; or (b) for whom any CardReady Defendant acts as a Sales Agent, either directly or indirectly.

F.     "**Corporate Defendant**" means CardReady, LLC and its successors and assigns.

G.     "**Credit Card Laundering**" means:

   (a)     Presenting or depositing into, or causing or allowing another to present or deposit into, the credit card system for payment, a Credit Card Sales Draft generated by a transaction that is not the result of a credit card transaction between the cardholder and the Merchant;

   (b)     Employing, soliciting, or otherwise causing or allowing a Merchant, or an employee, representative, or agent of a Merchant, to present to or deposit into the credit card system for payment, a Credit Card Sales Draft generated by a transaction that is not the result of a credit card transaction between the cardholder and the Merchant; or

   (c)     Obtaining access to the credit card system through the use of a business relationship or an affiliation with a Merchant, when such access is not authorized by the Merchant Account agreement or the applicable credit card system.

H.     "**Credit Card Sales Draft**" means any record or evidence of a credit card transaction.

I.     "**Debt Relief Product or Service**" means any product, service, plan or program represented, directly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of the debt between a Person and one or more unsecured creditors or debt collectors, including, but not limited to, a reduction in the balance, interest rate, or fees owed by a Person to an unsecured creditor or debt collector.

J.     **"Independent Sales Organization"** or **"ISO"** means any Person that (a) enters into an agreement or contract with a Payment Processor to sell or market Payment Processing services to a merchant; and (b) holds, directly or indirectly, either partial or full liability in the event of losses related to the Payment Processing activities conducted by or on behalf of the merchant.

K.     **"Individual Defendants"** means Brandon A. Becker  and James F. Berland.

L.     **"Lending Marketplace Platform for Low-Risk Merchants"** means an online marketplace and processing platform that connects low-risk merchants and prospective lenders for the purpose of providing loans, financing, or cash advances.  As used in the preceding sentence, 'low-risk merchants,' who are the prospective borrowers, expressly excludes any Merchant (a) engaged in Outbound Telemarketing or offering Money Making Opportunities; (b) listed on the MasterCard Member Alert to Control High-risk (Merchants) (MATCH) list for any of the following reasons: excessive chargebacks or fraud, identification as a Questionable Merchant per the MasterCard Questionable Merchant Audit Program, merchant collusion, illegal transactions, or identify theft; and (c) registered as a high risk-merchant type according to MasterCard and/or Visa's rules and regulations.

M.     **"Merchant"** means a Person who is authorized under a written contract with an Acquirer to honor or accept credit cards, or to transmit or process for payment credit card payments, for the purchase of goods or services.

N.     **"Merchant Account"** means an account with an Acquirer that authorizes and allows a Merchant to honor or accept credit cards, or to transmit or process for payment credit card payments, for the purchase of goods or services or a charitable contribution."

O.     **"Payment Processing"** means providing a Person, directly or indirectly, with the means used to charge or debit accounts through the use of any payment mechanism, including, but not

limited to, Remotely Created Payment Orders; Remotely Created Checks; ACH Debits; or debit, credit, prepaid, or stored value cards.  Whether accomplished through the use of software or otherwise, Payment Processing includes, among other things: (a) reviewing and approving merchant applications for payment processing services; (b) providing the means to transmit sales transaction data from merchants to acquiring banks or other financial institutions; (c) clearing, settling, or distributing proceeds of sales transactions from acquiring banks or financial institutions to merchants; or (d) processing Chargebacks or returned Remotely Created Payment Orders, Remotely Created Checks, or ACH Debits.

P.      **"Payment Processor"** means any Person providing Payment Processing services in connection with another Person's sale of goods or services or in connection with any charitable contribution.

Q.      **"Person"** means an individual, partnership, corporation, entity, association or organization.

R.      **"Sales Agent"** means a Person that matches, arranges, or refers a prospective Client or Clients to a Payment Processor or ISO for Payment Processing, but does not hold any contractual liability in the event of losses related to the Payment Processing activities conducted by or on behalf of Clients.  As such, a Sales Agent may be involved in recommending a particular Payment Processor or ISO to a prospective Client, forwarding to the Payment Processor or ISO a prospective Client's or Client's merchant application, or negotiating rates and fees charged by a Payment Processor or ISO, but a Sales Agent may not be involved in any Payment Processing and may not act as an ISO.

# I.

## PROHIBITION AGAINST CREDIT CARD LAUNDERING

IT IS ORDERED that the CardReady Defendants, the CardReady Defendants' officers, agents, servants, employees, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from Credit Card Laundering.

# II.

## PROHIBITION AGAINST PAYMENT PROCESSING
## OR ACTING AS AN ISO OR SALES AGENT FOR ANY MERCHANT

IT IS FURTHER ORDERED that the CardReady Defendants, the CardReady Defendants' officers, agents, servants, employees, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby permanently restrained and enjoined from Payment Processing or acting as an ISO or Sales Agent for any Merchant.

*Provided,* however, that the foregoing shall not prohibit any Individual Defendant from operating, or being employed by a company that operates, a Lending Marketplace Platform for Low-Risk Merchants.

# III.

## PROHIBITION AGAINST ASSISTING AND FACILITATING

IT IS FURTHER ORDERED that the CardReady Defendants, the CardReady Defendants' officers, agents, servants, employees, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from providing substantial assistance or support to any Person that they know, or should know, is engaged in:

7

A.       Making, or assisting others in making, directly or by implication, any false or misleading statement in order to obtain Payment Processing services;

B.       Misrepresenting, directly or by implication, any material aspect of the performance, efficacy, nature, or central characteristics of any goods and services;

C.       Misrepresenting, directly or by implication, any material aspect of the nature or terms of any refund, cancellation, exchange, or repurchase policies;

D.       The unauthorized debiting or charging of consumer bank or credit card accounts;

E.       Any deceptive, unfair, or abusive act or practice prohibited by Section 5 of the FTC Act, the TSR, or by FDUTPA; or

F.       Any tactics to avoid fraud and risk monitoring programs established by any financial institution, acquiring bank, or the operators of any payment system, including, but not limited to, balancing or distributing sales transaction volume or sales, transaction activity among multiple Merchant Accounts or merchant billing descriptors; splitting a single sales transaction into multiple smaller transactions; or using shell companies to apply for a Merchant Account.

### IV.  MONETARY JUDGMENT

IT IS FURTHER ORDERED that:

A.       Judgment in the amount of $12,365,731.00 (Twelve Million Three Hundred Sixty-five Thousand Seven Hundred and Thirty-one Dollars) is entered in favor of the Plaintiffs against the CardReady Defendants, jointly and severally, as equitable monetary relief.

B.       The CardReady Defendants are ordered to pay to the Plaintiffs the sum of $1,800,000.00 (One Million Eight Hundred Thousand Dollars) (the "Settlement Amount").  Such payment must be made within 14 days of entry of this Order by electronic fund transfer in accordance with instructions provided by a representative of the Commission or the Florida Attorney General's

Office.  Upon payment of the Settlement Amount, the remainder of the judgment shall be suspended, subject to the Subsections below.

C.       Plaintiffs' agreement to the suspension of part of the judgment against the CardReady Defendants is expressly premised upon the truthfulness, accuracy, and completeness of the sworn financial statements and related documents (collectively, "financial representations") submitted to Plaintiffs, namely:

1.       the Financial Statement of Individual Defendant Brandon Arlen Becker, signed by Brandon Becker on April 12, 2016, including the attachments;

2.       the Financial Statement of Individual Defendant James Fred Berland, signed by Jim Berland on December 7, 2015, including the attachments;

3.       the Financial Statement of Corporate Defendant CardReady, LLC, signed by Brandon Becker on April 12, 2016, including the attachments;

4.       the additional documentation submitted by letter from the CardReady Defendants' counsel, Edward A. Marshall, to Commission counsel Nicholas M. May and Anna M. Burns, dated April 22, 2016, attaching a letter from Certified Public Accountant Jonathan P. Reuben to James Berland, dated April 21, 2016;

5.       the additional documentation submitted by letter from the CardReady Defendants' counsel, Edward A. Marshall, to Commission counsel Nicholas M. May and Anna M. Burns, dated May 2, 2016;

6.       the additional documentation submitted by letter from the CardReady Defendants' counsel, Edward A. Marshall, to Commission counsel Nicholas M. May and Anna M. Burns, dated May 11, 2016, attaching Consultation and Support Agreement

and Secured Promissory Notes between PayReady, Limited, and CardReady, LLC; and

7.    the additional documentation submitted by letter from the CardReady Defendants' counsel, Edward A. Marshall, to Commission counsel Nicholas M. May and Anna M. Burns, dated June 20, 2016.

D.    The suspension of the judgment will be lifted against any CardReady Defendant, upon motion by Plaintiffs, if the Court finds that CardReady Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above.

E.    If the suspension of the judgment is lifted, the judgment becomes immediately due as to that CardReady Defendant in the amount specified in Subsection A above, less any payment previously made pursuant to this Section plus interest computed from the date of entry of this Order.

F.    The facts alleged in the Amended Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of Plaintiffs involving the conduct alleged in the Amended Complaint, including in a proceeding to enforce their right to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

G.    The facts alleged in the Amended Complaint establish all elements necessary to sustain an action by Plaintiffs pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

H.    The CardReady Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which the CardReady

Defendants must submit to Plaintiffs, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

I.     All money paid to the Plaintiffs pursuant to this Order may be deposited into a fund administered by Plaintiff Federal Trade Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund.  If Plaintiffs decide that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, Plaintiffs may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to the CardReady Defendants' practices alleged in the Amended Complaint.  Any money not used for such equitable relief is to be divided equally between the Commission and the Florida Attorney General, with half to be deposited to the U.S. Treasury as disgorgement and half to be deposited to the Florida Attorney General Department of Legal Affairs Revolving Trust Fund as attorney's fees and costs and costs of ongoing monitoring and enforcement.

## V.

## PROHIBITION ON USE OF CUSTOMER INFORMATION

IT IS FURTHER ORDERED that the CardReady Defendants, the CardReady Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, are permanently restrained and enjoined from directly or indirectly:

A.     Disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other

11

financial account), that any CardReady Defendant obtained prior to entry of this Order in connection with providing Payment Processing services for Steven Short or E.M. Systems; and

B.      Failing to destroy such customer information in all forms in their possession, custody, or control within 30 days after entry of this Order.

Provided, however, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## VI.

## COOPERATION

IT IS FURTHER ORDERED that the CardReady Defendants must fully cooperate with representatives of the Commission and the Florida Attorney General in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Amended Complaint. The CardReady Defendants must provide truthful and complete information, evidence, and testimony. The CardReady Defendants must appear and must cause CardReady's officers, employees, representatives, or agents to appear for interviews, discovery, hearings, trials, and any other proceedings that the Commission or the Florida Attorney General's representative may reasonably request upon five (5) days written notice, or other reasonable notice, at such places and times as the Commission or Florida Attorney General's representative may designate, without the service of a subpoena.

## VII.

## ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that the CardReady Defendants obtain acknowledgments of receipt of this Order:

A.     Each CardReady Defendant, within 7 days of entry of this Order, must submit to Plaintiffs an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.     For 10 years after entry of this Order, each Individual Defendant for any business that such Individual Defendant, individually or collectively with any other Individual Defendant, is the majority owner or controls directly or indirectly, and Corporate Defendant, must deliver a copy of this Order to:  (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.  Delivery must occur within 7 days of entry of this Order for current personnel.  For all others, delivery must occur before they assume their responsibilities.

C.     From each individual or entity to which a CardReady Defendant delivered a copy of this Order, that CardReady Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## VIII.

## COMPLIANCE REPORTING

IT IS FURTHER ORDERED that the CardReady Defendants make timely submissions to the Plaintiffs:

A.     One year after entry of this Order, each CardReady Defendant must submit a compliance report, sworn under penalty of perjury:

1.     Each CardReady Defendant must:  (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of Plaintiffs may use to communicate with that CardReady Defendant; (b) identify all of that

13

CardReady Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other CardReady Defendant (which Individual Defendants must describe if they know or should know due to their own involvement); (d) describe in detail whether and how that CardReady Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to Plaintiffs.

2.      Additionally, each Individual Defendant must:  (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which such Individual Defendant performs services whether as an employee or otherwise and any entity in which such Individual Defendant has any ownership interest; and (c) describe in detail such Individual Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B.      For 20 years after entry of this Order, each CardReady Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1.      Each CardReady Defendant must report any change in:  (a) any designated point of contact; or (b) the structure of Corporate Defendant or any entity that any Individual Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including:  creation, merger, sale, or dissolution

of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2. Additionally, each Individual Defendant must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which such Individual Defendant performs services whether as an employee or otherwise and any entity in which such Individual Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C. Each CardReady Defendant must submit to Plaintiffs notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such CardReady Defendant within 14 days of its filing.

D. Any submission to Plaintiffs required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by Plaintiffs' representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC et al. v. E.M. Systems, LLC, et al. (the CardReady Defendants). All submissions to the Florida Attorney General pursuant to this Order must be emailed cpenforcement@myfloridalegal.com or sent to: Office of The Attorney

General, Director of Consumer Protection Division, 3507 East Frontage Road #325, Tampa,

Florida 33607.

## IX.

## RECORDKEEPING

IT IS FURTHER ORDERED that the CardReady Defendants must create certain records for 20 years after entry of the Order, and retain each such record for 5 years.  Specifically, Corporate Defendant and each Individual Defendant for any business that such Individual Defendant, individually or collectively with any other Individual Defendant, is a majority owner or controls directly or indirectly, must create and retain the following records:

A.      Accounting records showing the revenues from all goods or services sold;

B.      Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's name, addresses, telephone numbers, job title or position, dates of service, and (if applicable) the reason for termination;

C.      Records of all refund and chargeback requests, whether received directly or indirectly, such as through a third party, and any response; and

D.      All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to Plaintiffs.

## X.

## COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring the CardReady Defendants' compliance with this Order, including any failure to transfer any assets as required by this Order:

A.      Within 14 days of receipt of a written request from a representative of the Plaintiffs, each CardReady Defendant must:  submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce

documents for inspection and copying. Plaintiffs are also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.      For matters concerning this Order, the Plaintiffs are authorized to communicate directly with each CardReady Defendant. Each CardReady Defendant must permit representatives of the Plaintiffs to interview any employee or other person affiliated with any CardReady Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C.      The Plaintiffs may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to the CardReady Defendants or any individual or entity affiliated with the CardReady Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the Plaintiffs' lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## XI.

## RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO ORDERED this ___ day of _____, 2016.**

_____
U.S. DISTRICT JUDGE STEVEN D. MERRYDAY

SO STIPULATED AND AGREED:

FOR PLAINTIFFS:

FEDERAL TRADE COMMISSION

_____
Nicholas M. May
Anna M. Burns
Federal Trade Commission
Southeast Region
225 Peachtree Street, Suite 1500
Atlanta, Georgia 30303
Tel: (404) 656-1360 (May)
Tel: (404) 656-1350 (Burns)
Fax: (404) 656-1379
Email: nmay@ftc.gov
Email: aburns@ftc.gov

*COUNSEL for Plaintiff Federal Trade Commission*

OFFICE OF ATTORNEY GENERAL, STATE OF FLORIDA,
DEPARTMENT OF LEGAL AFFAIRS


Patricia A. Conners
Deputy Attorney General
Office of the Attorney General
State of Florida
Department of Legal Affairs
PL-01, The Capitol
Tallahassee, Florida 32399-1050

and

Jennifer Hayes Pinder
Julia Harris
Office of the Attorney General
State of Florida
Department of Legal Affairs
3507 East Frontage Road #325
Tampa, Florida 33607
Tel: (813) 287-7950
Fax: (813) 281-5515
Email: jennifer.pinder@myfloridalegal.com
Email: julia.harris@myfloridalegal.com

*COUNSEL for Plaintiff Office of the Attorney General,
State of Florida, Department of Legal Affairs*

FOR DEFENDANTS:


Date: 7/8/2016

Edward A. Marshall
Theresa Y. Kananen
Arnall Golden Gregory LLP
171 17th Street NW
Suite 2100
Atlanta, Georgia 30363
Tel: (404) 873-8536 (Marshall)
Tel: (404) 873-7010 (Kananen)
Email:  edward.marshall@agg.com
Email:  theresa.kananen@agg.com

*COUNSEL for CardReady, LLC, Brandon A. Becker, and James F. Berland*


Date: 7/8/2016

BRANDON A. BECKER
Individually and as an Officer of CardReady, LLC


Date: 7/8/16

JAMES F. BERLAND
Individually and as an Officer of CardReady, LLC